## CORNELIUS *v.* REISER.[1]

*(Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE.

   The wife of a bar-keeper brought an action against the proprietor to recover the value of her services in washing towels for the bar for a period of three years, for which she was employed by her husband. The bar-keeper was not authorized to contract debts for the saloon, but it appeared that he had demanded money from the owner to pay for washing towels, after 18 months of service, and that the owner put him off, but raised no objection to the demand. *Held,* that assent to the future incurring of such expense was properly inferred by the jury from the owner's acts, and that a verdict for plaintiff's services for the remaining 18 months should not be disturbed.

2. HUSBAND AND WIFE—RIGHT TO WIFE'S SERVICES.

   The services in question having been rendered for the owner of the saloon, and not for the husband, there was no force in the objection that in this case the wife's services belonged to the husband, and that she was not entitled to recover for them, nor in the objection that the contract was one between husband and wife, and therefore invalid.

3. VIOLATION OF SUNDAY LAWS—EVIDENCE.

   Plaintiff's statement that she washed the towels in lots sufficient to have five clean every day, including Sunday, for use in the saloon, did not sufficiently show that she was aiding in the violation of the Sunday laws by defendant, so as to deprive her of a right to recover.

Appeal from city court, general term.

Action by Jennie Cornelius against Jacob Reiser. From a judgment for plaintiff, defendant appeals. Affirmed. For former report, see 11 N. Y. Supp. 904.

Argued before DALY, C. J., and BISCHOFF, J.

*Johnston & Johnston,* (*Edward W. S. Johnston,* of counsel,) for appellant. *Edwin F. Stern,* (*C. Arthur Coan,* of counsel,) for respondent.

DALY, C. J. The plaintiff's husband was employed as bar-keeper, and to take general charge of a saloon conducted by the defendant, and was authorized to pay the daily expenses out of the receipts, but, it is claimed, had no authority to incur debts. After three years of service, he left the defendant's employment, and subsequently this action was brought by the wife to recover $141.18 for washing towels and napkins used in the saloon for the whole period of her husband's employment. The jury allowed the plaintiff about one-half of the sum claimed, namely, $72.80, which was, in effect, a finding that she was entitled to recover for one-half of the period sued for. It is easy to see how the jury reached this conclusion. There was no evidence that the defendant knew that this item of expense was incurred by the bar-keeper until 18 months after the employment of the latter, and the jury considered that the evidence of authority in the bar-keeper to incur the expense before that time was sufficient to charge the defendant. The plaintiff does not complain that her claim has been cut down one-half, and this appeal is taken by the defendant, who insists that a recovery even to the amount allowed is not supported by the evidence. It is undisputed that the washing of towels and napkins for use in the saloon was indispensable. The defendant is chargeable with notice of the fact from his knowledge of the business in which he was engaged, *i. e.,* conducting this and other saloons, and he must have known that it was not included in the expenses for which he settled with the bar-keeper every week. The failure of the latter to make any charge for the services of his wife in this regard during the first 18 months furnishes some grounds for the contention that such services were, in his view, to be included in those for which he received compensation from the defendant. But any agreement implied from failure to make such charge was terminated by the subsequent express notice from the bar-keeper to the defendant that he would have to get the washing done. This notice was given defendant when,

[1] Motion for reargument or leave to appeal to court of appeals denied. 18 N. Y. Supp. 304.

he came to the saloon, as usual, on a Friday, to get the receipts, and examine the book-entry of expenses, and his reply was that he would see the bar-keeper the following Friday about it. Nothing occurred the following Friday on the subject, nor for 18 months afterwards, and not until two or three weeks before the bar-keeper left, when he asked defendant for money to pay for washing the towels, and was again put off, defendant telling him to wait until Friday. The jury believed the evidence as to this notice, and concluded, as they reasonably might, that, from the time defendant received it, his silence indicated assent to the incurring of the necessary expense, and conferred authority to that end upon the bar-keeper. The main question in the case was therefore one of fact for the jury, and their finding upon the evidence cannot be disturbed. There are no exceptions which require reversal of the judgment. There was evidence, as I have said, of implied, if not express, authority for the employment of plaintiff during the period for which the recovery has been had. The case does not depend upon ratification after the act. There is no force in the objection that the wife's services belonged to her husband, and formed no basis of claim against a third party, nor that the contract for such services is invalid, because made between husband and wife. This was a contract between the defendant and the plaintiff, made through the husband, and not a contract of the plaintiff with the latter. If the plaintiff had done this work for her husband, she would not be entitled to compensation from him for it; but there is a distinction between working for him and working with him for a third person,—between helping her husband in his business, and helping in the business of a third person,—and, where the work is done for a third person, the earnings belong to the wife. *Blaechinska* v. *Howard Mission*, (N. Y. App.) 29 N. E. Rep. 755. The appellant is mistaken in the claim that the plaintiff testified that she did not commence to wash for defendant until August 20, 1887. The case shows her testimony to be that she commenced August 20, 1886. As to the claim that the verdict is excessive, because plaintiff was allowed to recover for washing towels to be used on Sundays, (on the ground that it was work done to be used in an unlawful business,) there is no evidence that the plaintiff knew that the towels were to be so unlawfully used. The only statement made by her was that she washed them in lots enough to have five clean every day, including Sunday, but this may have been a mere method of computation or reckoning of the weekly quantity. The instruction to the jury that the plaintiff might recover for work used on Sunday, although not done on Sunday, is not necessarily erroneous. The charge does not say nor imply that recovery can be had for work used in an unlawful business on Sunday, and that is the point of appellant's claim of error. Judgment and order affirmed, with costs.